UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-cr-00366 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 26; 39; 43; |
| v. | : | 44] |
| GREGORY SANDERS, | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Gregory Sanders requests a reduced sentence under the compassionate release statute 18 U.S.C. § 3582(c)(1)(A).[1]  Defendant argues this Court should grant relief because of Sanders's health issues and the risk posed by COVID-19.  The Government opposes Sanders's request.[2]

With this motion, the Court decides whether "extraordinary and compelling reasons" exist to warrant a reduction in sentence.[3]  The Court must then consider the 18 U.S.C. § 3553 sentencing factors and decide whether this case's circumstances support a sentence reduction.[4]

Defendant Sanders also asks this Court seal exhibits having medical records.[5] Finally, Defendant moves this Court to reconsider its denial of Defendant's motion to extend his self-surrender date.[6]

---

[1] Doc. 26.
[2] Doc. 37.
[3] 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (holding federal judges have full discretion to define extraordinary and compelling).
[4] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).
[5] Docs. 39; 43.
[6] Doc. 44.

Case No. 1:20-cr-00366
GWIN, J.

For the following reasons, the Court **DENIES** Defendant Sanders's motion for compassionate release. The Court **GRANTS** Defendant's ex parte motions to seal exhibits having medical records. The Court **DENIES** Defendant's motion to change his report date.

I. Background

In July 2019, Defendant Sanders pleaded guilty to possessing oxycodone with intent to distribute.[7] Sanders was not detained pending sentencing. In November 2020, this Court sentenced Sanders to thirty months imprisonment followed by three years supervised release and ordered Sanders to self-surrender to the Bureau of Prisons in December 2020.[8]

In December 2020, Sanders moved this Court to extend his self-surrender date.[9] The Government did not object. This Court granted a 120-day extension.[10] This Court later granted another extension, giving Sanders until August 22, 2021 to self-surrender to begin serving his sentence.[11] The Court granted these extensions to allow Sanders to undergo back surgery.

Despite this Court's warning that it would not grant further extensions, in August 2021 Sanders again moved this Court for a 60-day extension of his self-surrender date.[12] This Court denied the motion.[13] Defendant Sanders therefore began his term of imprisonment on August 22, 2021.

II. Discussion

A. Compassionate Release

In March 2021—before he had begun his term of imprisonment—Sanders moved for

---

[7] Doc. 3.
[8] Doc. 20.
[9] Doc. 22.
[10] Doc. 23.
[11] Doc. 31.
[12] Doc. 38. Sanders sought this extension based on his recently implanted heart monitor.
[13] Doc. 41.

- 2 -

Case No. 1:20-cr-00366
GWIN, J.

compassionate release based on his health issues and his risk of severe illness from COVID-19.[14] The Government opposes.[15]

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[16] On February 16, 2021, Sanders submitted a request for compassionate release to the FCI Morgantown warden.[17] Because more than 30 days have passed since Sanders's request, he has satisfied the exhaustion requirement.

Under the compassionate release statute, the Court may "reduce the term of imprisonment []and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[]."[18]

To grant compassionate release, the Court must first find "extraordinary and compelling reasons" warranting a reduction in sentence.[19] The Court must then consider the sentencing factors set forth in 18 U.S.C. § 3553 and determine whether the reduction is warranted in whole or in part under the circumstances of the case.[20] The Sixth Circuit has held that the Sentencing Commission's policy statement is not binding in considering compassionate release motions.[21]

Defendant Sanders argues that his significant health issues and his risk of severe illness from COVID-19 are extraordinary and compelling reasons to reduce his sentence.[22]

---

[14] Doc. 26. Sanders has since supplemented that motion. *See* Doc. 42 (Sealed).
[15] Doc. 37.
[16] 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).
[17] Docs. 26-3; 26-4.
[18] 18 U.S.C. § 3582(c)(1)(A).
[19] *Id.*; *Jones*, 980 F.3d at 1108 (holding federal judges have full discretion to define extraordinary and compelling).
[20] 18 U.S.C. § 3582(a); *Jones*, 980 F.3d at 1108 (internal quotation omitted).
[21] *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[22] Doc. 26. He reports "at least 5 separate CDC recognized risk factors for severe illness—including obesity, Type

- 3 -

Case No. 1:20-cr-00366
GWIN, J.

The Sixth Circuit has recently made clear that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."[23] When Sanders's motion was pending, Sanders's counsel indicated to the Government that Sanders had chosen not to get vaccinated.[24] Turning down the vaccine, however, is not enough to warrant relief.[25] Sanders has not shown that he does not have access to or cannot benefit from the vaccine. Therefore, no extraordinary and compelling reason warranting relief exists.

Even if Sanders had identified an extraordinary and compelling reason supporting a sentence reduction, the Court must consider any applicable 18 U.S.C. § 3553 factors and determine whether the reduction is warranted under the circumstances of the case.[26]

In this case, the Court finds no extraordinary and compelling reason warranting a sentence reduction. Even if it had, the § 3553 factors would weigh against granting the motion for compassionate release. The oxycodone offense Sanders committed is serious in nature. Further, Sanders has only served six months of his sentence. A sentence reduction is not called for.

---

2 diabetes, high blood pressure, and a history of stroke and smoking." *Id.* at 18.

[23] *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021), *aff'd*, No. 21-1209, 2021 WL 3876943 (6th Cir. Aug. 24, 2021) (noting that absent a shift in the scientific consensus regarding the efficacy of vaccines, "vaccination against COVID-19 would preclude the argument that a defendant's susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."); *United States v. White*, No. 15-CR-20040-01, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021) ("Defendant is free to renew his motion should more information emerge suggesting that the Pfizer vaccine cannot protect him from new imminent strains of COVID-19. However, at this time, the Court does not find extraordinary and compelling circumstances based on that speculation.").

[24] Doc. 37 at 4.

[25] *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an "extraordinary and compelling" justification for release. The risk is self-incurred.").

[26] 18 U.S.C. § 3582(a); 18 U.S.C. § 3553; *Jones*, 980 F.3d at 1108 (internal quotation omitted). Such sentencing factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed" to "reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant".

- 4 -

Case No. 1:20-cr-00366
GWIN, J.

### B. Motions to Seal

Defendant Sanders moves ex parte to file exhibits to two motions under seal because the exhibits have personal medical information.[27] The sealing of judicial documents and records is left to the sound discretion of the Court.[28] Sealing the exhibits at issue preserves Defendant Sanders's privacy interest in his medical records. Therefore, the ex parte motions to seal are granted.

### C. Motion for Reconsideration

Defendant Sanders moves this Court to reconsider its denial of Defendant's third motion to extend his self-surrender date.[29] This Court previously granted two extensions of Sanders's self-surrender date, extending the date by eight months. In its March 2021 order this Court told Defendant Sanders that no further extensions would be granted.[30] This Court therefore denies Defendant's motion for reconsideration.

## III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Sanders's motion for compassionate release. The Court **GRANTS** Defendant's ex parte motions to seal exhibits containing medical records. The Court **DENIES** Defendant's motion for reconsideration.

IT IS SO ORDERED.

Dated: March 28, 2022                                s/    James S. Gwin
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[27] Docs. 39; 43.
[28] *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016).
[29] Doc. 44.
[30] Doc. 31.